IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01082-CMA-NYW

ANA NORIEGA,

    Plaintiff,

v.

MARILLAC CLINIC, INC., and
SCL HEALTH-FRONT RANGE, INC., d/b/a SCL HEALTH,

    Defendants.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

    This matter comes before the court on SCL Health – Front Range, Inc.'s Unopposed Motion for a Protective Order Staying Discovery Pending Resolution of Motion to Dismiss (the "Motion" or "Motion to Stay") [Doc. 27]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 6, 2022, [Doc. 15], and the Memorandum dated July 11, 2022. [Doc. 28]. Upon review of the Motion to Stay, the related briefing, and the applicable case law, the Motion to Stay is respectfully **DENIED**.

## BACKGROUND

    Plaintiff Ana Noriega ("Plaintiff" or "Ms. Noriega") formerly worked for Defendants Marillac Clinic, Inc. ("Marillac") and SCL Health – Front Range, Inc. ("SCL Health") (collectively, "Defendants"). [Doc. 16 at ¶ 3]. Ms. Noriega alleges that during her employment, Defendants discriminated against her and harassed her on the basis of her race, color, and/or national origin. [*Id.* at ¶ 11]. In addition, she asserts that

Defendants retaliated against her for reporting the discriminatory conduct and harassment. [*Id.* at ¶¶ 12, 16].

On May 2, 2022, Plaintiff initiated this civil action against Defendants, see [Doc. 1], and filed an Amended Complaint on June 6, 2022. [Doc. 16]. In her Amended Complaint, she raises five claims for relief: (1) a harassment claim arising under Title VII of the Civil Rights Act of 1964; (2) a Title VII discrimination claim; (3) a Title VII retaliation claim; (4) a hostile-work-environment claim under 42 U.S.C. § 1981; and (5) a § 1981 discrimination claim.[1]  *See* [*id.* at 5-9]. On June 21, 2022, Marillac answered the Amended Complaint. [Doc. 20]. And on June 28, 2022, SCL Health filed "SCL Health – Front Range, Inc's Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6)" (the "Motion to Dismiss"). *See* [Doc. 25]. In the Motion to Dismiss, SCL Health seeks to dismiss Ms. Noriega's first three claims against it[2] for failure to state a claim under Rule 12(b)(6). *See generally* [*id.*]. A Scheduling Conference in this matter is set for July 19, 2022. *See* [Doc. 7].

SCL Health filed the instant Motion to Stay on July 8, 2022. [Doc. 27]. In the Motion, SCL Health seek a court order "staying all discovery pending the Court's decision on the Motion to Dismiss." [*Id.* at 2]. SCL Health represents that neither Ms. Noriega nor Marillac oppose the Motion to Stay. [*Id.* at 1]. The court considers SCL Health's arguments below.

---

[1] Ms. Noriega titles this claim a "Tangible Employment Action" claim. *See* [Doc. 16 at 9]. It appears, based on the allegations, that Ms. Noriega is asserting a discrimination claim.

[2] SCL Health frames the Motion to Dismiss as seeking to dismiss all of Plaintiff's claims against SCL Health. *See* [Doc. 25]. However, as explained in this court's recent Minute Order, *see* [Doc. 29], Plaintiff's § 1981 claims against SCL Health remain active in this case.

## LEGAL STANDARD

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court considers the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendant in proceeding in the action, and the convenience to the court, as well as the interests of non-parties and the public. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

As set forth above, in determining whether a stay of discovery is appropriate, courts consider the following five factors (the "*String Cheese* factors"):

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4929216, at *2 (D. Colo. Oct. 15, 2012) (citing *String Cheese*, 2006 WL 894955, at *2). SCL Health asserts that these factors support staying discovery pending the resolution of the Motion to Dismiss. [Doc. 27 at 4]. I consider each factor below.

**Plaintiff's Interest in Proceeding Expeditiously**. As to the first *String Cheese* factor, SCL Health asserts that Plaintiff's interest in proceeding expeditiously is "not at issue as Plaintiff has not opposed the requested stay or alleged any potential prejudice." [*Id.* at 5 (quotation omitted)]. SCL Health notes that the Motion to Dismiss will be fully briefed "by early August," and thus, a ruling on the dispositive motion "may be quickly forthcoming." [*Id.* (quotation omitted)].[3]

Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). However, Plaintiff does not oppose a stay of discovery, and thus, it does not appear that she believes that her interests will be significantly harmed by a stay of discovery in this case. *Cf. Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) (finding that, where the plaintiff did not oppose a stay of discovery, no prejudice would result from a stay). For these reasons, the court finds that this first *String Cheese* factor is neutral.

**The Burden on Defendant**. Next, SCL Health argues that it will be unnecessarily and significantly burdened if discovery is not stayed because if the Motion to Dismiss is granted, the time and costs spent in discovery will have been

---

[3] The court notes, however, that as directed by the court in its Minute Order, should Plaintiff seek to voluntarily dismiss her § 1981 claims against SCL Health, she will need to file another amended pleading, which will require renewed responsive pleadings from each Defendant.

4

unnecessary.  [Doc. 27 at 5].[4]  The court respectfully disagrees with SCL Health that this factor weighs in its favor.  "Defendants are always burdened when they are sued," *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens."  *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011).  Indeed, the inherent discovery requirements of participating in litigation are "a consequence of our judicial system and the rules of civil procedure."  *Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009).  While the court acknowledges that SCL Health may realize savings in time or money should a stay be imposed and the Motion to Dismiss be granted, the same could be said in the majority of civil cases.  *See U.S. ex rel. Pfeifer v. Ela Med., Inc.*, No. 07-cv-01460-WDM-MEH, 2009 WL 3233668, at *2 (D. Colo. Oct. 7, 2009) (recognizing that an argument that a stay of discovery could save costs "can be made in all cases in which dispositive motions are pending.").

Moreover, the court notes that SCL Health's Motion to Dismiss is asserted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "[G]ranting a stay of discovery solely because Defendants have asserted a Rule 12(b)(6) defense would suggest that a stay is appropriate nearly any time a defendant files a motion to dismiss."  *Hottinger*

---

[4] The remainder of SCL Health's arguments with respect to the second *String Cheese* factor concern the potential burdens on the Parties if the court were to stay discovery as to SCL Health but permit the Parties to proceed with discovery as to Marillac.  *See* [Doc. 27 at 5-6].  Neither Plaintiff nor Marillac have moved to stay discovery in this case, and the court questions whether SCL Health has standing to move to stay discovery on behalf of other Parties in this action who have not themselves actively sought such relief.  Nevertheless, the court finds that these arguments are ultimately not dispositive of the court's resolution of the Motion to Stay, and for this reason, the court declines to address these arguments.

*Excavating & Ready Mix, LLC v. R.E. Crawford Constr., LLC*, No. 14-cv-00994-KMT, 2014 WL 12676229, at *1 (D. Colo. June 25, 2014). The court acknowledges that in its Motion to Dismiss, SCL Health argues, *inter alia*, that Ms. Noriega failed to exhaust her administrative remedies with respect to her Title VII claims against SCL Health. *See* [Doc. 25 at 5-8]. However, while SCL Health may benefit from a stay of discovery, the court is nevertheless not persuaded that it will be *unduly* burdened absent a stay. Accordingly, this factor weighs against a stay of discovery.

**The Convenience to the Court**. As to the third *String Cheese* factor, SCL Health asserts that a stay of discovery would serve the court's interests because resolution of the Motion to Dismiss "will clarify the claims, leading to more precise discovery, limiting the potential discovery disputes and need for multiple scheduling conferences." [Doc. 27 at 6]. The court is respectfully unpersuaded by this argument. First, the court again notes that if Plaintiff intends to dismiss her fourth and fifth claims against SCL Health, she will be required to file an amended pleading. *See* [Doc. 29]. Any such amended pleading will moot the pending Motion to Dismiss. *See Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) (an amended pleading supersedes the original pleading and renders a dispositive motion directed at the original pleading moot). The court is not inclined to stay discovery pending the resolution of a dispositive motion when it is unclear whether the dispositive motion will remain legally operative.

Setting this uncertainty aside, "dispositive motions are denied more often than they result in the termination of a case. Consequently, . . . it is more likely than not from a statistical point of view that a delay pending a ruling would prove unnecessary."

*Hagerman v. Eli Lilly & Co.*, No. 09-cv-00672-REB-BNB, 2009 WL 4268369, at *3 (D. Colo. Nov. 20, 2009). Moreover, "cases that linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and "entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable." *United States for Daro Tech, Ltd. v. Centerre Gov't Contracting Grp., LLC*, No. 13-cv-01811-REB-KMT, 2014 WL 1215565, at *12 (D. Colo. March 24, 2014).[5]

Finally, the court cannot invite the practice of parties filing motions to stay discovery solely based on the possibility that discovery could be obviated by a pending dispositive motion. "Motions to dismiss under Rule 12(b)(6) are regularly filed in civil actions, and if the court were required to entertain motions to stay discovery equally as often, such a practice would cause a significant strain on already limited judicial resources in this District." *Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n*, No. 21-cv-01817-WJM-NYW, 2022 WL 1239250, at *5 (D. Colo. Apr. 27, 2022). I respectfully conclude that the third *String Cheese* factor weighs against a stay of discovery.

---

[5] In arguing that a stay of discovery would benefit the court, SCL Health relies on a case in which the court granted a stay of discovery pending a motion to dismiss—*Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). *Rivera* is distinguishable from the instant matter; in that case, the defendant had moved to dismiss the plaintiff's claims by arguing, inter alia, that the plaintiff lacked standing to bring his claims and that the defendants were protected by the doctrine of qualified immunity. *See id.* at *2. But as noted by this court in *Rivera*, courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues." *Id.* at *3 (quoting *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019)). Accordingly, *Rivera* does not change the court's analysis with respect to the circumstances of this case.

***Interests of Non-Parties and the Public***.  Next, SCL Health states that no non-parties have an interest that would be impacted by a stay of discovery and thus asserts that the fourth String Cheese factor is neutral.  [Doc. 27 at 7].  The court agrees.  *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, fourth String Cheese factor was neutral).  As to the public's interest, SCL Health states that the public interest weighs in favor of a stay because the public has an interest in avoiding wasteful efforts by the court.  [Doc. 27 at 7].  While this may be true in the abstract, there is currently no indication that proceeding with discovery will result in a waste of judicial resources.  In addition, the public also has a "strong interest . . . regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, and "considerations of fairness and timeliness will not be advanced by the imposition of a stay."  *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016).  The court finds that these counterbalancing interests render the fifth *String Cheese* factor neutral.

Weighing the *String Cheese* factors, the court concludes that this case does not present circumstances warranting a departure from the well-settled authority in this District that disfavors stays of discovery.  *Wason Ranch*, 2007 WL 1655362, at *1.  As a result, the Motion to Stay is respectfully **DENIED**.  However, in light of this court's Minute Order striking Plaintiff's Notice of Voluntary Dismissal, [Doc. 29], and in order to permit the Parties time to ascertain the nature and scope of the claims in this case, the Scheduling Conference set for July 19, 2022 is **VACATED** and **RE-SET** for **August 29,**

**2022** at **9:30 a.m.** in Courtroom A-502 before Magistrate Judge Nina Y. Wang.  The Parties' Proposed Scheduling Order is due **August 22, 2022**.

## CONCLUSION

Therefore, **IT IS ORDERED** that:

(1) SCL Health – Front Range, Inc.'s Unopposed Motion for a Protective Order Staying Discovery Pending Resolution of Motion to Dismiss [Doc. 27] is **DENIED**;

(2) The Scheduling Conference set for July 19, 2022 is **VACATED** and **RE-SET** for **August 29, 2022** at **9:30 a.m.**; and

(3) The Parties' Proposed Scheduling Order is due **August 22, 2022**.

DATED:  July 12, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge