IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-01082-CMA-KAS

ANA NORIEGA,

    Plaintiff,

v.

MARILLAC CLINIC, INC.

    Defendant.

## ORDER DENYING PLAINTIFF'S SUPPLEMENTAL MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Ana Noriega's "Supplemental Motion for Reconsideration." (Doc. # 114.) For the following reasons, the Court denies the Motion.

The Court incorporates its previous recitation of the facts and procedural history of this case as stated in its Order Denying Reconsideration. (Doc. # 113.) On October 5, 2023, the Court denied Ms. Noriega's request for reconsideration of its July 3, 2023 Order (Doc. # 94) Granting former counsel's Motion (Doc. # 93) to Withdraw. *See generally* (Doc. # 113.) The following day, Ms. Noriega, proceeding *pro se,* filed the instant Supplemental Motion for Reconsideration. (Doc. # 114.) The Court exercises its discretion under D.C.COLO.LCivR 7.1(d) to rule on the Motion without awaiting the benefit of additional briefing.

Because Ms. Noriega is proceeding *pro se*, the Court construes her filings liberally, but is not permitted to act as her advocate. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

As discussed in the Court's previous Order (Doc. # 113 at 3), "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (alterations incorporated); *see Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice"). Furthermore, a motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Ms. Noriega states that her instant, second Motion for Reconsideration presents "specific details" not previously disclosed because she feared "doing so would infringe upon attorney-client privilege and confidentiality." (Doc. # 114 at 1.) However, Ms. Noriega's *pro se* status does not excuse her from the Federal Rules of Civil Procedure.

2

*Abdelsamed*, 6 F. App'x at 772. The evidence Ms. Noriega cites in the instant motion is not "newly discovered," but rather was available to her at the time she filed her first request for reconsideration (Doc. # 94). Further, Ms. Noriega's arguments, supported by these "specific details" are repetitive of her previously made, and dismissed arguments, or are newly advanced arguments that could have been raised in her first motion. *See generally* (Docs. ## 113–14.) Finally, even had Ms. Noriega provided the additional details with her first request for reconsideration, it would not have altered the Court's previous conclusion that Ms. Noriega failed to demonstrate a manifest error of law or fact in the Court's Order (Doc. # 94) allowing former counsel to withdraw. *See* (Doc. # 113 at 3–4.) The Court reiterates, as this is a civil matter, Ms. Noriega is not constitutionally entitled to representation. *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

The Court notes that Ms. Noriega requests the Court's "guidance on the appropriate steps to take at this juncture." (Doc. # 114 at 3.) However, the Court is not permitted to provide legal advice. *See* Civ. Practice Standard 77.2(a); *Hall*, 935 F.2d at 1110 ("It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant.").

For the foregoing reasons, Plaintiff Ana Noriega's "Supplemental Motion for Reconsideration" (Doc. # 114) is DENIED.

DATED: October 13, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge